1  VIJAY K. TOKE (CA Bar No. 215079)
   (vijay@cobaltlaw.com)
2  MATTHEW S. SLEVIN (CA Bar No. 287968)
   (matt@cobaltlaw.com)
3
   COBALT LLP
4  918 Parker Street, Bldg. A21
   Berkeley, CA 94710
5  Telephone: (510) 841-9800
   Facsimile: (510) 295-2401
6
7  JOEL T. BERES (CA Bar No. 125890)
   (jberes@stites.com)
8  AMY CAHILL (to be admitted *pro hac vice*)
   (acahill@stites.com)
9  STITES & HARBISON PLLC
   400 West Market Street, Suite 1800
10 Louisville, KY 40202-3352
   Telephone:    (502) 587-3400
11 Facsimile:    (502) 587-6391
12
   MARI-ELISE TAUBE (to be admitted *pro hac vice)*
13 (mtaube@stites.com)
   STITES & HARBISON PLLC
14 1199 North Fairfax St., Suite 900
   Alexandria, VA 22314
15 Telephone:    (703) 837-3932
   Facsimile:    (703) 518-2952
16
   Attorneys for Plaintiff
17 PIXELS.COM, LLC

18            UNITED STATES DISTRICT COURT
19                 NORTHERN DISTRICT
20

21 PIXELS.COM, LLC, an Illinois limited        | Case No. 2:14-CV02337
   liability company,
22                                             | **COMPLAINT FOR DECLARATION OF NON-**
                Plaintiff,                      | **INFRINGEMENT AND NON-DILUTION OF**
                                               | **TRADEMARK RIGHTS AND FOR**
23 v.                                          | **ANTITRUST VIOLATION**
24 INSTAGRAM, LLC, a Delaware limited          | **DEMAND FOR JURY TRIAL**
   liability company,
25                                             | **(1) Declaratory Judgment of Non-**
                                               |     **Infringement**
26              Defendant.                      | **(2) Declaratory Judgment of No Common**
                                               |     **Law Infringement**
27                                             | **(3) Declaratory Judgment of No False**
                                               |     **Designation of Origin (15 U.S.C.**
28                                             |     **§1125(a))**

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

**(4) Declaratory Judgment of No Unfair
Competition (15 U.S.C. §1125(a))**

**(5) Declaratory Judgment of No Dilution
(15 U.S.C. §1125(c))**

**(6) Declaratory Judgment on Equitable
Grounds**

**(7) Violation of Antitrust Laws (15 U.S.C.
§1125(b)(7); 15 U.S.C. §2)**

(8) **Unfair Business Practices (Cal. Bus. &
Prof. Code §17200)**

## COMPLAINT

Plaintiff  Pixels.com, LLC ("Plaintiff" or "Pixels"), by its attorneys, for its complaint against Defendant Instagram, LLC ("Defendant" or "Instagram") hereby alleges as follows:

## INTRODUCTION

1.      This is an action by Plaintiff for a declaratory judgment of non-infringement and non-dilution of Defendant's INSTAGRAM trademark rights. Plaintiff seeks a declaration that its use of its INSTAPRINTS mark does not infringe or dilute Defendant's rights in its INSTAGRAM trademark.  Plaintiff also seeks a judgment that Defendant has misused its alleged trademark rights in violation of federal antitrust laws and California state unfair competition laws.

2.      On October 1, 2012, Plaintiff filed an application with the United States Patent and Trademark Office ("USPTO") to register the INSTAPRINTS mark, which the USPTO determined was not confusingly similar to any of Defendant's INSTAGRAM registered marks. Despite the USPTO's determination, on February 5, 2014, Defendant filed a Notice of Opposition objecting to registration of Plaintiff's INSTAPRINTS mark before the USPTO's Trademark Trial and Appeal Board, claiming that Plaintiff's use and registration of its INSTAPRINTS mark infringes and dilutes Defendant's rights in its INSTAGRAM marks.  Plaintiff brings this action to clarify the rights of the Parties.

3.      Despite the relative weakness of the component parts of its INSTAGRAM marks—the mark is a composite of the prefix "insta" derived from "instamatic" cameras and the

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 2 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

1  suffix "gram" from the word "telegram"—Defendant has opposed over sixty trademark

2  applications with little apparent consideration for the merits of such oppositions.  Defendant has

3  engaged in this purposeful campaign of objectively baseless litigation in an unlawful effort to

4  prevent the registration and/or use of marks that businesses adopted, in certain cases, based on

5  affirmative assurances by Defendant that such marks were not infringing.  Many of the third-party

6  marks that have been the subjects of Defendant's objection are used or proposed for use in

7  connection with goods and services that are wholly distinct from the goods and services

8  Defendant offers in connection with its marks.

9        4.     Upon information and belief, and as further alleged below, in an effort to avoid the

10  affirmative equitable defenses to infringement that would be available to these third-parties in

11  court and in an effort to monopolize the markets for certain Internet-based services, Defendant

12  has misused its trademark rights by exceeding the scope of its legal rights, resulting in injury to

13  fair and free competition.

14  **PARTIES**

15        5.     Pixels is an Illinois limited liability company having its principal place of business

16  at 1450 Second Street, Santa Monica, California 90401.

17        6.     Instagram is a Delaware limited liability company having its principal place of

18  business at 1601 Willow Road, Menlo Park, California 94025.

19  **JURISDICTION AND VENUE**

20        7.     This Court has subject matter jurisdiction in this civil action for Declaratory

21  Judgment of non-infringement and non-dilution of trademark rights under the Declaratory

22  Judgment Act, 28 U.S.C. §§ 2201 and 2201, as well as under the Lanham Act, 15 U.S.C. §

23  1125(a) and (c).

24        8.     This court has subject matter jurisdiction in this civil action for trademark misuse

25  and violation of antitrust laws of the United States, as well as under the Lanham Act, 15 U.S.C. §

26  § 1125(a), *et seq.* and the Sherman Act, 15 U.S.C. §§ 1, *et seq.*

27        9.     Venue is proper in this Court under 28 U.S.C. § 1391, because Defendant resides

28  in this judicial district and because a substantial portion of the events giving rise to this action

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 3 -

1   occurred in this District.  Specifically, Defendant has alleged that Plaintiff's use of its

2   INSTAPRINTS mark is an infringement of Defendant's rights in the mark INSTAGRAM and is

3   also diluting the INSTAGRAM mark.

4   **INTRADISTRICT ASSIGNMENT**

5        10.    Pursuant to Civil L.R. 3-2(c) and General Order No. 44, this case is properly

6   assigned to any division of this Court, except that pursuant to Civil Local Rules 3-2(g) and 73-1,

7   Plaintiff does not consent to assignment to a Magistrate Judge residing in the Eureka Division.

8   **FACTUAL BACKGROUND**

9        11.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of

10   the Complaint.

11        12.    Plaintiff owns and operates the website located at the domain Instaprints.com,

12   which has revolutionized the way that artwork, including photographs, is bought and sold around

13   the world.   Artists and photographers can upload artwork to Instaprints.com and consumers can

14   order artwork in the form of prints, framed prints, canvas prints, greeting cards, and more.  Once

15   an order is placed, Plaintiff fulfills each order on behalf of the artist/photographer, collecting

16   payments from the buyers, and sending a percentage of profits to the artist/photographer.

17        13.    Defendant Instagram launched its services on or about October 6, 2010.

18   https://instagram.com/press/.  Defendant Instagram is a social networking website designed to

19   allow individuals to share photographs by posting photographs to the site or by sharing them

20   through other social media platforms such as Facebook.  According to its web site

21   https://instagram.com/:

22
23          Instagram is a free and simple way to share your life and keep up
       with other people.

24          Take a picture or video, then customize it with filters and creative
       tools. Post it on Instagram and share instantly on Facebook,

25          Twitter, Tumblr and more—or send it directly as a private message.
       Find people to follow based on things you're into, and be part of an

26          inspirational community.

27

28

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 4 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

14.     Plaintiff launched the Instaprints.com website on or about June 25, 2012.  Before Plaintiff launched its website and adopted its trademark, it reviewed the Instagram terms of use. These terms of use stated that third-parties were permitted to use the component "INSTA" or the component "GRAM" in trademarks, but were not permitted to use both components in a product name.

15.     The relevant portion of the terms of use presented on Instagram's web site in April, 2012 are reproduced from a screen capture taken from www.web.archive.org below and attached hereto as Exhibit A:

**INSTAGRAM API TRADEMARK AND BRAND GUIDELINES**

- You are not allowed to use the word "Instagram", "IG" or any variation in your product name, domain name, or images.

- You are not allowed to use the Instagram icon or logo unless specifically allowed in the development documentation.

- If you do incorporate Instagram's logos, you must include the following statement clearly on your website:  "This [application website] uses the Instagram™ API and is not endorsed or certified by Instagram or Burbn, Inc.  All Instagram™ logos and trademarks displayed in this [application website] are property of Burbn, Inc."

- While you cannot use the word "Instagram" or "IG" in your product's name, **it's ok to use one (but not both) of the following:  "Insta" or "gram".**

- Note that we reserve the right to reject any use of these terms in connection with the use of the Instagram API. (Emphasis supplied).

16.     On or around June 15, 2012, Plaintiff requested and received API credentials from Instagram for use in connection with its Instaprints.com business.  API credentials permit one web site to securely obtain data from another web site for a variety of purposes.  Developers were actively encouraged to use Instagram API credentials to develop new services to complement Instagram's online services.

17.     In order to receive API credentials from Instagram, Plaintiff was required to register with Instagram.  As part of this registration process, applicants including Plaintiff provide the name of their business and their business URL.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 5 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

18.     Defendant had a direct interest in developers like Plaintiff launching businesses that would support and grow the Instagram business.   To this end, Instagram provided Plaintiff and others with API credentials that allow Internet users to import materials from the Instagram site to third-party sites, including Instaprints.com.

19.     The more businesses that provide services that are based on the Instagram technical platform, the more users are developed around the Instagram business, which is a direct benefit to Instagram.  Consumers also benefit from shared API credentials as the interoperability of platforms permitted by shared API allows consumers to access more goods and services with greater convenience.

20.     Instagram's policy of allowing, or even encouraging, the development of businesses based on the Instagram technical platform that incorporate the formative "Insta" or "gram" in their name reflected Instagram's understanding and tacit admission of the weakness of these "insta" and "gram" elements outside of Defendant's composite INSTAGRAM mark. Indeed, in a 2014 "FAQ" section on the Instagram website, Instagram indicated in response to the question of where the INSTAGRAM mark derived from that, "When we were kids we loved to play around with cameras.  We loved how different types of old cameras marketed themselves as "instant" – something we take for granted today.  We also felt that the snapshots people were taking were kind of like telegrams in that they got sent over the wire to others – so we figured why not combine the two?"  A true and correct copy of these FAQ's of Instagram is attached hereto as Exhibit B.  Therefore, by its own admission, Instagram has acknowledged that the component parts of its mark are descriptive and, hence, weak on their own.

21.     Defendant had actual knowledge of Plaintiff's adoption and use of the INSTAPRINTS trademark in 2012.  Defendant received and approved Plaintiff's documentation to receive and use the Instagram API, including the name of Plaintiff's company and business and URL (which incorporated and/or referenced Plaintiff's INSTAPRINTS mark).  Despite its actual knowledge of Plaintiff's adoption and use of the INSTAPRINTS trademark in 2012, Defendant did not object to Plaintiff's use of the  trademark.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

22.     Since the launch of Plaintiff's Instaprints.com website in 2012, Plaintiff has invested tens of thousands of dollars in promoting its goods and services using the INSTAPRINTS mark and has garnered significant goodwill among consumers as a result of sales and advertising.

23.     Over approximately the past three years, Plaintiff has used and promoted its mark INSTAPRINTS and the goods and services offered under the INSTAPRINTS mark extensively in commerce. The products and services offered under the INSTAPRINTS mark have been covered in mainstream news and business publications including *The Los Angeles Times*, *TechNews Gadget*, and *Mashable*, among others.

24.     Instagram knew of Plaintiff's use of the INSTAPRINTS trademark through Plaintiff's application for and receipt of API credentials, and with this knowledge, Instagram made both implicit assurances (by issuing Plaintiff its API credentials) and explicit assurances (by posting terms of use that permitted the branding adopted by Plaintiff) to Plaintiff that its trademark usage was acceptable to Instagram. Plaintiff reasonably relied upon those assurances.

25.     To Plaintiff's knowledge, its use of the INSTAPRINTS marks has never caused an instance of consumer confusion as to the source, affiliation, or sponsorship of any of its products or services.

26.     Upon information and belief, Defendant does not currently sell, nor has it ever sold, artwork or prints from photographs uploaded to Instagram.com.

27.     On information and belief, Defendant owns U.S. Registration No. 4,170,675 for the mark INSTAGRAM for use in connection with "downloadable computer software for modifying the appearance and enabling transmission of photographs" and U.S. Registration No. 4,146,057 for the mark INSTAGRAM for use in connection with "providing a web site that gives users the ability to upload photographs; technical support services, namely, providing help desk services in the field of computer software, namely, providing users with instructions and advice on the use of downloadable computer software, provided online and via e-mail; computer services, namely, providing an interactive website featuring technology that allows users to manage their online photograph and social networking accounts." A copy of publicly available

1    information for Defendant's registrations from the U.S. Patent and Trademark Office TSDR

2    database is attached hereto as Exhibit C.

3        28.    On information and belief Defendant has filed a number of applications for

4    registration of INSTAGRAM in standard character and stylized form in connection with like

5    goods and services.

6        29.    The Parties have been aware of one another, and their mutual use of marks

7    containing the component INSTA, since 2012.

8        30.    The Parties have offered their respective products and services online for years

9    without conflict or confusion of any kind.

10       31.    Despite the fact that Plaintiff's website is compatible with Defendant's platform,

11   Plaintiff has never experienced even a single instance of consumer confusion as between the

12   Parties' respective trademarks, products, services or businesses.

13       32.    In April 2012, Facebook Inc. purchased Instagram for a purported $1 Billion

14   dollars.  Exhibit D.

15       33.    On October 1, 2012, Plaintiff filed an application with the USPTO for registration

16   of INSTAPRINTS, U.S. Serial No. 85/742,628, for use on or in connection with "[p]rint

17   products, namely, art prints on canvas, framed art prints, art prints, acrylic art prints, art prints on

18   metal, posters, and greeting cards" in Class 16, "[o]nline retail store services featuring print

19   products, namely, art prints on canvas, framed art prints, art prints, acrylic art prints, art prints on

20   metal, posters, and greeting cards; advertising services, namely, promoting the artwork of other

21   artists; promoting visual arts events by means of providing an online events calendar, and

22   information about art, artists, and art events via an internet website, all for promotional purposes;

23   online business networking services for artists; online advertising and marketing in the field of

24   artwork" in Class 35, and "[o]nline photographic and image processing services, namely,

25   photographic printing, reproduction and retouching; transferring photographic and digital images

26   from uploaded digital images to imprintable surfaces, namely, printing of photographic images

27   from digital media."   A copy of the publicly available information from the U.S. Patent and

28   Trademark Office database for Plaintiff's application is attached hereto as Exhibit E.

34.     The USPTO examined Plaintiff's INSTAPRINTS application and did not cite any of the prior registrations for INSTAGRAM as potential bars to registration under a likelihood of confusion or dilution.  The USPTO therefore determined that Plaintiff's mark was registrable.

35.     Upon information and belief, sometime in 2013 Instagram adopted new terms of use that were directly contradictory to its previous terms of use in force at the time Plaintiff adopted its INSTAPRINTS mark.  Despite this diametric shift in its terms of use and Defendant's knowledge of Plaintiff's use of the INSTAPRINTS mark, Defendant did nothing to prevent Plaintiff's use of its INSTAPRINTS mark while Plaintiff invested significantly to develop its business over the next two years.

36.     Notwithstanding this long silence and uneventful co-existence in the marketplace, on February 5, 2014, Defendant filed a Notice of Opposition to registration of Plaintiff's INSTAPRINTS mark before the United States Patent and Trademark Office Trademark Trial and Appeal Board, claiming that Plaintiff's use and registration of its INSTAPRINTS mark infringes and dilutes Defendant's rights in its INSTAGRAM marks.   Exhibit F.

37.     Plaintiff has denied the salient allegations in the Notice of Opposition before the Trademark Trial and Appeal Board.

38.     In connection with Defendant's formal objection to Plaintiff's INSTAPRINTS trademark application, Defendant has now contacted Plaintiff through its attorney with a demand that Plaintiff cease using the INSTAPRINTS mark and adopt a new mark.

39.     Based on the action filed before the Trademark Trial and Appeal Board and Defendant's communications with Plaintiff, through the parties' attorneys, Plaintiff has a real and reasonable apprehension of federal litigation with regard to the same trademarks and issues involved in the Trademark Trial and Appeal Board action.

40.     There is no likelihood of confusion as to the source, affiliation, or sponsorship of the Parties' respective products, services, or businesses.  Accordingly, Plaintiff's INSTAPRINTS mark does not infringe any of Defendant's INSTAGRAM marks.

41.     Plaintiff's use and registration of its INSTAPRINTS mark is not likely to dilute Defendant's INSTAGRAM marks.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 9 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

42. Defendant's claims of infringement and dilution are invalid given the application of the equitable defenses of laches, acquiescence, and estoppel as complete defenses to those claims.

43. Defendant has misused its trademarks in violation of antitrust and state unfair competition laws in a manner that is intended and does in fact cause harm to free and fair competition.

<u>**COUNT I**</u>

<u>**DECLARATORY JUDGMENT FOR NO FEDERAL TRADEMARK INFRINGEMENT**</u>
(15 U.S.C. § 1114)

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

45. A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Plaintiff's past and continued use of its INSTAPRINTS mark and the registrability of its INSTAPRINTS mark.

46. Plaintiff and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

47. Plaintiff seeks a declaratory judgment that its past and continued use of the INSTAPRINTS mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and therefore does not infringe Defendant's INSTAGRAM marks under the Lanham Act, 15 U.S.C. § 1114.

48. Plaintiff further seeks a declaration that its past and continued use of the INSTAPRINTS mark has not and does not jeopardize the goodwill, if any, symbolized by Defendant's registered INSTAGRAM trademarks, nor does it cause any injury to Defendant under the Lanham Act.

49. In the alternative, Plaintiff seeks a declaration that Defendant's claims of trademark infringement and trademark dilution are barred by the equitable defenses of laches, estoppel, and acquiescence.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 10 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

50.     Defendant is further prevented from objecting to or instituting an action or proceeding with respect to Plaintiff's use or registration of its INSTAPRINTS mark because Instagram has misused its trademark rights by attempting to enforce its rights beyond their lawful scope with the intent to stifle competition.

## COUNT II

## DECLARATORY JUDGMENT FOR NO COMMON LAW INFRINGEMENT

51.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

52.     A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Plaintiff's past and continued use of its INSTAPRINTS mark and the registrability of its INSTAPRINTS mark.

53.     Plaintiff and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

54.     Plaintiff seeks a declaratory judgment that its past and continued use of the INSTAPRINTS mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not infringe Defendant's INSTAGRAM marks under the common law.

55.     Plaintiff further seeks a declaration that its past and continued use of the INSTAPRINTS mark has not and does not jeopardize the goodwill, if any, symbolized by Defendant's registered INSTAGRAM trademarks, nor does it cause any injury to Defendant under the common law.

56.     In the alternative, Plaintiff seeks a declaration that Defendant's claims of trademark infringement and trademark dilution are barred by the equitable defenses of laches, estoppel, and acquiescence.

57.     Defendant is further prevented from objecting to or instituting and action or proceeding with respect to Plaintiff's use of registration of its INSTAPRINTS mark because Instagram has misused its trademark rights by attempting to enforce its rights beyond their lawful scope with the intent to stifle competition.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 11 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

**COUNT III**

**DECLARATORY JUDGMENT FOR NO FALSE DESIGNATION OF ORIGIN**
(15 U.S.C. § 1125(a))

58.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

59.     A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Plaintiff's past and continued use of its INSTAPRINTS mark.

60.     Plaintiff and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

61.     Plaintiff seeks a declaratory judgment that its past use and continued use of the INSTAPRINTS mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not constitute false designation of origin with Defendant's INSTAGRAM marks under the Lanham Act, 15 U.S.C. § 1125(a).

62.     Defendant is further prevented from objecting to or instituting and action or proceeding with respect to Plaintiff's use of registration of its INSTAPRINTS mark because Instagram has misused its trademark rights by attempting to enforce its rights beyond their lawful scope with the intent to stifle competition.

63.     Plaintiff further seeks a declaration that its past and continued use of the INSTAPRINTS mark has not and does not jeopardize the goodwill, if any, symbolized by Defendant's registered INSTAGRAM trademarks, nor does it cause any injury to Defendant under the Lanham Act.

64.     Plaintiff further seeks a declaration that Defendant is prevented from enforcing its trademark rights based on equitable principles of laches, estoppel, and/or acquiescence.

///

///

///

///

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 12 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

## COUNT IV

## DECLARATORY JUDGMENT FOR NO UNFAIR COMPETITION
(15 U.S.C. § 1125(a))

65.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

66.     A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Plaintiff's past and continued use of its INSTAPRINTS mark.

67.     Plaintiff and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

68.     Plaintiff seeks a declaratory judgment that its past and continued use of the INSTAPRINTS mark is not intended or likely to cause confusion, mistake, or deception as between the source, association, or affiliation of the Parties' respective products, services, or businesses, and does not unfairly compete with Defendant under the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendant is prevented from objecting to or instituting and action or proceeding with respect to Plaintiff's use of registration of its INSTAPRINTS mark because Instagram has misused its trademark rights by attempting to enforce its rights beyond their lawful scope with the intent to stifle competition.

70.     Plaintiff further seeks a declaration that its past and continued use of the INSTAPRINTS mark has not and does not jeopardize the goodwill, if any, symbolized by Defendant's registered INSTAGRAM trademarks, nor does it cause any injury to Defendant under the Lanham Act.

71.     Plaintiff further seeks a declaration that Defendant is prevented from enforcing its trademark rights based on equitable principles of laches, estoppel and/or acquiescence.

///

///

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 13 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

**COUNT V**

**DECLARATORY JUDGMENT FOR NO DILUTION**
(15 U.S.C. § 1125(c))

72.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

73.     A real and actual dispute, case, and/or controversy exists between the Parties as to a state of facts, in particular Plaintiff's past use and continued use of its INSTAPRINTS mark and the registrability of its INSTAPRINTS mark.

74.     Plaintiff and Defendant have adverse and antagonistic interests in the subject matter of the dispute, case, and/or controversy.

75.     Plaintiff seeks a declaratory judgment that its past use and continued use of the INSTAPRINTS mark is not likely to cause dilution of Defendant's INSTAGRAM Marks under the Lanham Act, 15 U.S.C. § 1125(c).

76.     Plaintiff further seeks a declaration that its past and continued use of the INSTAPRINTS mark has not and does not cause blurring of or tarnish Defendant's registered INSTAGRAM trademarks, nor does it cause any injury to Defendant under the Lanham Act.

77.     In the alternative, Plaintiff seeks a declaration that Defendant's claims of trademark infringement and trademark dilution are barred by the equitable defenses of laches, estoppel, and acquiescence.

78.     Defendant is prevented from objecting to or instituting any action or proceeding with respect to Plaintiff's use of registration of its INSTAPRINTS mark because Instagram has misused its trademark rights by attempting to enforce its rights beyond their lawful scope with the intent to stifle competition.

**COUNT VI**

**DECLARATORY JUDGMENT ON EQUITABLE GROUNDS**

79.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 14 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

80.     Plaintiff relied upon the Defendant's affirmative statements in the form of its terms of use that informed Pixels that it was permitted to adopt and use the INSTAPRINTS mark. Defendant thereby expressly consented to, if not encouraged, Pixels' adoption and use of the INSTAPRINTS mark and is therefore actually estopped from enforcing its rights against Pixels.

81.     Defendant was aware of Plaintiff's use and promotion of its INSTAPRINTS mark since at least as early as May 2012 and affirmatively approved such use by Plaintiff.

82.     Until the filing of the Opposition, Defendant did not object to Plaintiff's use and promotion of its INSTAPRINTS mark for nearly two years.  In so doing, Defendant knowingly acquiesced to Pixels' adoption and use of its INSTAPRINTS mark.

83.     Plaintiff relied on Defendant's unreasonable period of silence and inaction in continuing to use and promote its INSTAPRINTS mark.

84.     Plaintiff relied on Defendant's encouragement of third parties, including Plaintiff itself, to use the component "INSTA" in using and promoting its services in connection with the INSTAPRINTS mark.

85.     Plaintiff is unfairly prejudiced by Defendant's Opposition and would be further unfairly prejudiced by any further attempt by Defendant to institute any additional action or proceeding with respect to Plaintiff's use or registration of its INSTAPRINTS mark in connection with its business given Defendant's unreasonable delay.

86.     Defendant is barred from objecting to or instituting any action or proceeding with respect to Plaintiff's use or registration of INSTAPRINTS marks in connection with its business, based on laches, acquiescence, estoppel, and/or other equitable principles.

87.     Defendant is prevented from objecting to or instituting any action or proceeding with respect to Plaintiff's use of registration of its INSTAPRINTS mark because Instagram has misused its trademark rights by attempting to enforce its rights beyond their lawful scope with the intent to stifle competition.

///

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 15 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

**COUNT VII**

**VIOLATION OF ANTITRUST LAWS**
(15 U.S.C. § 1115(b)(7); 15 U.S.C. § 2)

88.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

89.     Defendant is using its trademark to violate the antitrust laws of the United States in violation of 15 U.S.C. § 1115(b)(7) and the Sherman Act, 15 U.S.C. § 2.

90.     Instagram's policy of allowing, or even encouraging, businesses based on the Instagram technical platform to incorporate the prefix "Insta" or the suffix "gram" reflected Instagram's understanding and tacit admission of the weakness of these "insta" and "gram" elements outside of Defendant's composite INSTAGRAM mark.  Indeed, in a 2014 FAQ section on the Instagram website, Instagram indicated in response the question of where the INSTAGRAM mark derived from that "When we were kids we loved to play around with cameras.  We loved how different types of old cameras marketed themselves as "instant" – something we take for granted today.  We also felt that the snapshots people were taking were kind of like telegrams in that they got sent over the wire to others – so we figured why not combine the two?"  A true and correct copy of these FAQ's of Instagram is attached hereto as Exhibit B.  Therefore, by its own admission, Instagram has acknowledged that the component parts of its mark are descriptive and, hence, weak on their own.

91.     Despite its knowledge about the inherent weakness in the component parts of its Instagram marks, Defendant has undertaken a campaign within the Trademark Office to engage in exclusionary behavior through oppositions and/or filing extensions of time relating to a large number of marks, the majority of which fall outside of Defendant's relevant market and that incorporate the inherently weak prefix "Insta" or inherently weak suffix "gram" and all give vastly differing commercial impressions, including: DOODIEGRAM 86/538809, INSTACAST 86/496,627 and INSTAEDU 86/233,316, MIRRORGRAM 85/829,301, LOKOGRAM GO GLOBAL BE LOCAL 86/413,092, FLIPAGRAM 86/042,264, PICTO-GRAM 85/728,954, PIX-O-GRAM 85/728,951, APPRECIGRAM 86/172,733, WEDSTAGRAM 86/184,707,

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 16 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

DATESTAGRAM 86/157,015, SELFIEGRAM 79/143,187, CENSORGRAM 86/182,362,

MEMORYGRAM 86/246,833, 86/255,635, PAINTAGRAM 86/091,233, KAVAGRAM

86/331,386, ADGRAM 86/308,589, SLIDERGRAM 86/345,267, SONGSTERGRAM

86/035,702, TATTYGRAM 86/002,070, TALLYGRAM 85/731,332, MIXTAGRAM

85/961,202, EVERGRAM 85/613,424, SKINAGRAM 85/833,439,WEBGRAMPRO 86/364,528,

DISAGRAM 86/386,622, HEALOGRAM 86/391,410, 86/391,408, 86/391,404,

SHOWMEGRAM 86/397,280, ABSTAGRAM 86/377,951, SATGRAM 86/447,205,

FUTUREGRAM 86299,301, HASHGRAM 86/254,609, TAGAGRAM 86/158,345,

KARAOKEGRAM 85/916,630, TERRAGRAM 86/115,364, INSTAJAMZ 86/073,614,

INSTASTIX 86/030,687, INSTASNAGG 86/248,253, INSTACLIQUE 86/241,091,

INSTACELEBS 86/290,902, INSTA PHOTO BOOTH 86/335,622, INSTAMOUR 86/122,354,

INSTAEDU 86/233,316, INSTAPICS 86/218,129, INSTASONG 86/131,994, INSTAVEME

86/227,189, INSTALOVE 86/433,541, INSTADME 86/229,331, INSTAGATOR 86/441,518,

INSTAPRAYER 86/022,405, INSTAAPPT 86/414,621, INSTAPLY 85/850,549, INSTAMEET

85/826,116, INSTACURITY 85/882,797, INSTAPICFRAME 85/857,016; 85/933,904,

INSTACUBE 85/960,968, INSTAFRAME 85/857,021, INSTAGOOD 85/883,219,

INSTABANG 86/036,656, INSTAPEER 86/156,316, INSTRUCTAGRAM 85/732,588,

INSTAFAN 85/827,826, INSTAGRILLE 85/619,623.

92.     Upon information and belief, the Defendant's opposition notices and extensions of time to oppose filed have been accompanied by demands that the applicants abandon their marks and adopt new marks, despite their adoption of the inherently weak components of either "insta" or "gram."  Such claims are therefore inherently baseless.  This is particularly true given Defendant's own longstanding history of not only allowing, but encouraging, companies using the Instagram technical platform to use the prefix "insta" or the suffice "gram" in their marks.  Instagram's latest campaign against such uses, and even uses that have nothing to do with Instagram's business and do not incorporate any Instagram APIs, underscores the lack of merit of Instagram's current litigation campaign.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 17 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

93.     Upon information and belief, Defendant has thus undertaken to oppose many of these marks in an effort to restrict competition by suppressing business and reserving for itself a future retail product market.   A complete list of Defendant's oppositions with accompanying goods and services of the opposed applications is attached hereto as Exhibit G.

94.     The Defendant is therefore using the INSTAGRAM mark itself as the instrument to extend its trademark monopoly beyond its legal limits through trademark opposition notices and attendant enforcement efforts.

95.     Defendant's conduct in bringing a series of *inter partes* proceedings accompanied by implied threats of litigation constitute an antitrust violation because a large number of the proceedings are objectively baseless and were initiated with the intent to interfere directly with Plaintiff's business and/or to monopolize a particular industry.  As such, Defendant's actions satisfy the "sham" exception to Noerr-Pennington immunity.

96.     The Defendant is engaging in other anti-competitive acts with respect to the components "INSTA" and "GRAM," including threatening communications with the specific intent of stifling competition and reserving future business to itself, resulting in actual damages to Plaintiff and others through expenses incurred to defend against opposition challenges at the U.S. Patent and Trademark Office, and potential uncertainty regarding further investment in Plaintiff's business and other businesses associated with the opposed marks.   These actions have been brought in bad faith and to harass and therefore are not shielded by the Noerr-Pennington doctrine.

97.     The result of Defendant's actions has been that a number of businesses that were operating lawfully have abandoned their trademark applications including LOKOGRAM offering advertising services through electronic media; ABSTAGRAM offering computer medical software and photo software for modifying photos of your abdominal muscles; WEBGRAMPRO offering on-line software to facilitate online forums for meetings, classes, etc.; INSTAPICFRAME offering computer software for video and photo image processing; INSTACLIQUE offering software that allows sellers to promote goods by publishing user content; HASHGRAM offering advertisement services featuring sponsored tags and images;

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 18 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

INSTAVEME offering software for creating, uploading, and editing video memes; APPRECIGRAM offering online non-downloadable software to facilitate the creation of greeting cards, announcements, slideshows, and invitations; TAGAGRAM offering services to transmit electronic pet photos; TERRAGRAM offering online social networking services; INSTAJAMZ offering software that adds music and sound effects to video; INSTASTIX offering personalized decorative household magnets; TATTYGRAM offering social online services related to tattoo art; TALLYGRAM offering online software that facilitates social introductions; INSTAMEET offering online video conferencing software.

98.     Upon information and belief, Defendants' series of legal proceedings, many of which were initiated without probable cause, are not brought with a genuine interest in redressing grievances, but as a pattern of litigation brought for the purpose of harassment and/or for injuring or preventing lawful competition.

99.     Defendant's objectively baseless trademark challenges and threats, its pattern of sham opposition activities undertaken in bad faith have reduced and injured and will continue to reduce and injure competition in the relevant marks or submarkets.

## COUNT VIII

### UNFAIR COMPETITION
(Cal. Bus. & Prof. Code § 17200)

100.     Plaintiff incorporates by reference the allegations in the preceding paragraphs of the Complaint.

101.     Defendant is using its INSTAGRAM marks to violate the antitrust laws of the United States in violation of 15 U.S.C. § 1115(b)(7) and the Sherman Act, 15 U.S.C. § 2.

102.     Defendant has undertaken a campaign within the Trademark Office to engage in exclusionary behavior through opposition and/or filing extensions of time relating to a large number of marks, the majority of which fall outside of Defendant's relevant market, including: DOODIEGRAM 86/538809, INSTACAST 86/496,627 and INSTAEDU 86/233,316, MIRRORGRAM 85/829,301, LOKOGRAM GO GLOBAL BE LOCAL 86/413,092, FLIPAGRAM 86/042,264, PICTO-GRAM 85/728,954, PIX-O-GRAM 85/728,951,

APPRECIGRAM 86/172,733, WEDSTAGRAM 86/184,707, DATESTAGRAM 86/157,015,

SELFIEGRAM 79/143,187, CENSORGRAM 86/182,362, MEMORYGRAM 86/246,833,

86/255,635, PAINTAGRAM 86/091,233, KAVAGRAM 86/331,386, ADGRAM 86/308,589,

SLIDERGRAM 86/345,267, SONGSTERGRAM 86/035,702, TATTYGRAM 86/002,070,

TALLYGRAM 85/731,332, MIXTAGRAM 85/961,202, EVERGRAM 85/613,424,

SKINAGRAM 85/833,439,WEBGRAMPRO 86/364,528, DISAGRAM 86/386,622,

HEALOGRAM 86/391,410, 86/391,408, 86/391,404, SHOWMEGRAM 86/397,280,

ABSTAGRAM 86/377,951, SATGRAM 86/447,205, FUTUREGRAM 86299,301,

HASHGRAM 86/254,609, TAGAGRAM 86/158,345, KARAOKEGRAM 85/916,630,

TERRAGRAM 86/115,364, INSTAJAMZ 86/073,614, INSTASTIX 86/030,687, INSTASNAGG

86/248,253, INSTACLIQUE 86/241,091, INSTACELEBS 86/290,902, INSTA PHOTO BOOTH

86/335,622, INSTAMOUR 86/122,354, INSTAEDU 86/233,316, INSTAPICS 86/218,129,

INSTASONG 86/131,994, INSTAVEME 86/227,189, INSTALOVE 86/433,541, INSTADME

86/229,331, INSTAGATOR 86/441,518, INSTAPRAYER 86/022,405, INSTAAPPT 86/414,621,

INSTAPLY 85/850,549, INSTAMEET 85/826,116, INSTACURITY 85/882,797,

INSTAPICFRAME 85/857,016; 85/933,904, INSTACUBE 85/960,968, INSTAFRAME

85/857,021, INSTAGOOD 85/883,219, INSTABANG 86/036,656, INSTAPEER 86/156,316,

INSTRUCTAGRAM 85/732,588, INSTAFAN 85/827,826, INSTAGRILLE 85/619,623.

103.    Upon information and belief, the Defendant's opposition notices and extensions of

time to oppose filed have been accompanied by demands that the applicants abandon their marks

and adopt new marks, despite their adoption of the inherently weak components of either "insta"

or "gram." Such claims are therefore inherently baseless. This is particularly true given

Defendant's own longstanding history of not only allowing, but encouraging, companies using

the Instagram technical platform to use the prefix "insta" or the suffice "gram" in their marks.

Instagram's latest campaign against such uses, and even uses that have nothing to do with

Instagram's business and do not incorporate any Instagram APIs, underscores the lack of merit of

Instagram's current litigation campaign.

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 20 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

104.    Upon information and belief, Defendant has thus undertaken to oppose many of these marks in an effort to restrict competition by suppressing business and reserving for itself a future retail product market.   A complete list of Defendant's oppositions with accompanying goods and services of the opposed applications is attached hereto as Exhibit G.

105.    The Defendant is therefore using the INSTAGRAM mark itself as the instrument to extend its trademark monopoly beyond its legal limits through trademark opposition notices and attendant enforcement efforts.

106.    Defendant's conduct in bringing a series of *inter partes* proceedings accompanied by implied threats of litigation constitute an antitrust violation because a large number of the proceedings are objectively baseless and were initiated with the intent to interfere directly with Plaintiff's business and/or to monopolize a particular industry.  As such, Defendant's actions satisfy the "sham" exception to Noerr-Pennington immunity.

107.    The Defendant is engaging in other anti-competitive acts with respect to the components "INSTA" and "GRAM," including threatening communications with the specific intent of stifling competition and reserving future business to itself, resulting in actual damages to Plaintiff and others through expenses incurred to defend against opposition challenges at the U.S. Patent and Trademark Office, and potential uncertainty regarding further investment in Plaintiff's business and other businesses associated with the opposed marks.   These actions have been brought in bad faith and to harass and therefore are not shielded by the Noerr-Pennington doctrine.

108.    The result of Defendant's actions has been that a number of businesses that were operating lawfully have abandoned their trademark applications including LOKOGRAM offering advertising services through electronic media; ABSTAGRAM offering computer medical software and photo software for modifying photos of your abdominal muscles; WEBGRAMPRO offering on-line software to facilitate online forums for meetings, classes, etc.; INSTAPICFRAME offering computer software for video and photo image processing; INSTACLIQUE offering software that allows sellers to promote goods by publishing user content; HASHGRAM offering advertisement services featuring sponsored tags and images;

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 21 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

1   INSTAVEME offering software for creating, uploading, and editing video memes;

2   APPRECIGRAM offering online non-downloadable software to facilitate the creation of greeting

3   cards, announcements, slideshows, and invitations; TAGAGRAM offering services to transmit

4   electronic pet photos; TERRAGRAM offering online social networking services; INSTAJAMZ

5   offering software that adds music and sound effects to video; INSTASTIX offering personalized

6   decorative household magnets; TATTYGRAM offering social online services related to tattoo art;

7   TALLYGRAM offering online software that facilitates social introductions; INSTAMEET

8   offering online video conferencing software.

9       109.   Upon information and belief, Defendants' series of legal proceedings, many of

10  which were initiated without probable cause, are not brought with a genuine interest in redressing

11  grievances, but as a pattern of litigation brought for the purpose of harassment and/or for injuring

12  or preventing lawful competition.

13       110.   Defendant's objectively baseless trademark challenges and threats, its pattern of

14  sham opposition activities undertaken in bad faith have reduced and injured and will continue to

15  reduce and injure competition in the relevant marks or submarkets.

16       111.   Defendant's acts, as alleged above, constitute unlawful and/or unfair business

17  practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

18  § 17200, *et seq*.  Defendants' acts are unlawful and/or unfair under the UCL.

19       112.   Defendant's acts of unfair competition in the State of California have caused

20  Plaintiff irreparable injury.  Plaintiff is informed and believes that unless said conduct is enjoined

21  by this Court, Defendant will continue and expand those activities to the continued and

22  irreparable injury of Plaintiff and the free market.  This injury includes but is not limited to harm

23  to free competition that cannot be remedied through damages, and Plaintiff has no adequate

24  remedy at law. Plaintiff is entitled to a permanent injunction restraining and enjoining Defendant

25  and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their

26  behalf, from engaging in the anticompetitive acts alleged herein.

27

28

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

113.   As a direct and proximate result of Defendant's statutory unfair competition under federal antitrust laws, Defendant has been unjustly enriched in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

1.   A Declaratory Judgment that:

a.   Plaintiff's past, present, and continued use and registration of the mark INSTAPRINTS in connection with its business does not and will not infringe or dilute any of Instagram's trademark or trade name rights, or unfairly complete with Defendant, or falsely designate the origin of Plaintiff's services, or otherwise constitute a violation of any of Defendant's rights;

b.   Defendant is prevented from enforcing its rights in the INSTAGRAM mark against Plaintiff as the result of equitable defenses laches, estoppel and/or acquiescence.

c.   Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with them, be permanently enjoined and restrained from instituting, prosecuting, or threatening any action against Plaintiff, or any of its affiliates, or anyone in privity with Plaintiff, with respect to Plaintiff's use or registration of INSTAPRINTS in connection with its business;

2.   A finding that Defendant's conduct violates Section 2 of the Sherman Act, 15 U.S.C. § 2.

3.   A finding that Defendant's conduct violates Section 17200 of the California Business & Professions Code.

4.   Damages sustained by Plaintiff as the proximate result of Defendant's violation of the antitrust laws;

5.   Damages sustained by Plaintiff as the proximate result of Defendant's violation of California Business & Professions Code § 17200;

6.   Treble the amount of damages sustained by Plaintiff as the proximate result of Defendant's violation of the antitrust laws;

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 23 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

7.      Plaintiff's costs and reasonable attorneys' fees incurred in bringing this action against Defendant for violation of the antitrust laws; and

8.      Such other and further relief as the Court may deem just and proper.

Dated: August 6, 2015                                Respectfully submitted,

PIXELS.COM, LLC


By:    /s/  Vijay K. Toke_____

Vijay K. Toke

COBALT LLP
918 Parker Street, Bldg. A21
Berkeley, CA 94710
Telephone:      (510) 841-9800
Facsimile:      (510) 295-2401
Email:          vijay@cobaltlaw.com
                matt@cobaltlaw.com


Joel T. Beres, Cal. Bar No. 125890
Amy Cahill (to be admitted *pro hac vice*)
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone:      (502) 587-3400
Facsimile:      (502) 587-6391
E-mail:         jberes@stites.com
                acahill@stites.com

Mari-Elise Taube (to be admitted *pro hac vice*)
STITES & HARBISON PLLC
1199 North Fairfax St.
Suite 900
Alexandria, VA 22314
Telephone:      (703) 837-3932
Facsimile:      (703) 518-2952
E-mail:         mtaube@stites.com

Attorneys for Plaintiff,
PIXELS.COM, LLC

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 24 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff Pixels.com, LLC hereby demands a jury trial as provided by Rule 38(a) of the

3

Federal Rules of Civil Procedure.

4

5

Dated: August 6, 2015                              Respectfully submitted,

6

PIXELS.COM, LLC

7

8

By:    /s/  Vijay K. Toke_____

9

Vijay K. Toke

10

COBALT LLP

11

918 Parker Street, Bldg. A21
Berkeley, CA 94710

12

Telephone:      (510) 841-9800
Facsimile:       (510) 295-2401

13

Email:             vijay@cobaltlaw.com
                        matt@cobaltlaw.com

14

15

Joel T. Beres, Cal. Bar No. 125890
Amy Cahill (to be admitted *pro hac vice*)

16

STITES & HARBISON PLLC
400 West Market Street

17

Suite 1800
Louisville, KY  40202-3352

18

Telephone:      (502) 587-3400
Facsimile:       (502) 587-6391

19

E-mail:            jberes@stites.com
                        acahill@stites.com

20

Mari-Elise Taube (to be admitted *pro hac vice*)

21

STITES & HARBISON PLLC
1199 North Fairfax St.

22

Suite 900
Alexandria, VA 22314

23

Telephone:      (703) 837-3932
Facsimile:       (703) 518-2952

24

E-mail:             mtaube@stites.com

25

Attorneys for Plaintiff,
PIXELS.COM, LLC

26

27

355247:12:ALEXANDRIA

28

STITES &
HARBISON PLLC
ATTORNEYS AT LAW
LOUISVILLE

- 25 -

PIXELS.COM, LLC V. INSTAGRAM
COMPLAINT